The next case on the calendar for argument is United States v. McCutcheon. Good morning, Your Honor, and may it please the Court, my name is Vida Alvey on behalf of the defendant, Anthony McCutcheon. This case presents to the Court, again, the recurring issue of whether or not a guilty plea meets the requirement under Rule 11. We are arguing in this case that it certainly did not, and we are going to be asking the Court to vacate the judgment of conviction here. Now when we're looking at the question of whether or not the guilty plea met the Rule 11 standard, we have no dispute with the government that in order to evaluate that issue, the entire record should be looked at to determine whether or not there was a factual basis for the plea, and whether or not the defendant understood that. And we say, absolutely, let's look at the entire record here, and next to our papers in the appendix, we've included numerous status conferences and arguments that were made by the defendant himself to the Court, and statements made by the defendant himself to the Court indicating his maintaining that he was not part of a conspiracy in this case, he maintained that he wasn't part of a conspiracy, and that he was not guilty of the drug trafficking. And that's sort of the backdrop. Then what we have is the preparation of the case, getting ready to actually try the case. And days before the case was ready for a final conference, the defendant, Mr. McCutcheon, moved to have his trial counsel relieved. He could no longer communicate with his trial counsel, and he indicated that to the Court in a motion to vacate. What happened next was, I think, startling. There was a, the District Court brought in Mr. McCutcheon's defense counsel, brought in the U.S. attorney, and they discussed this motion to have the client, for Mr. McCutcheon to have his attorney relieved, and they discussed it. The District Court stated that, look, you know, I understand there's problems between you and Mr. McCutcheon, but this case has to go forward. And Mr. McCutcheon's attorney said, we have a breakdown of communication here. And the District Court said, well, you know, what might happen, he may have to go it alone at some point. And at the end of that discussion, without calling in the defendant, without adjourning it, to say, well, let's hear from Mr. McCutcheon, the Court said, well, I think what I'll do is perhaps I'll assign another attorney to come with you at the next proceeding. So they had a ---- Sotomayor, Mr. McCutcheon was present, and that way he had both the original attorney and a new attorney to consult with. Yes. I think we know the background to this. Do you want to tell us where you think the errors are that require this remedy? Yes. I think the errors are in the plea allocution. I think that there was absolutely no basis, the Court did not at all establish a basis for Mr. McCutcheon's guilt of the crime. When you look at the plea allocution, for instance, on page 280 of the ---- of our appendix, the Court was basically stating that there's been an indictment here. And our review on this is plain error? Yes. Yes. I ---- So, now, I understand that there was not an inquiry by the Court of the defendant for the defendant to state the factual basis for the plea, nor did the Court have the government do that. But the argument here is that because the four paragraphs of the plea agreement did state it, and the defendant confirmed that he read it, signed it, said it was accurate, that this is not like Coffin, and that, therefore, there's no plain error. Why don't you tell us why that's wrong? I think that's wrong for a couple of reasons. The first reason is when initially, when the Court asked the defendant to look at the So the Court was referring to the plea agreement. And the defendant said, I didn't want that section. The Court didn't ask him, what do you mean by that? The Court didn't say, oh, Mr. McCutcheon, if you didn't want that section, you know, you don't have to be ---- you don't have to plead guilty. The Court never said that. He glossed over it. I didn't say it at that point, but it did tell him he didn't have to plead guilty. But why don't you tell us? Go ahead. Let me let you make your argument. I'm sorry. Go ahead. The Court never, never articulated any of the facts, didn't have the defendant articulate any of the facts. In fact, it was very vague. The Court stated that there was a conspiracy, never stated the elements of the conspiracy. Mr. McCutcheon never articulated what the elements of the conspiracy are. I think this is very much like Coffin, in that the Court, again, just referenced the plea agreement with nothing more. Even when the Court talked about the gun trafficking, there was no ---- there was no evidence, and the Court didn't state when it occurred. So further on plain-error review, Mr. McCutcheon needs to show that there's a reasonable probability that, but for the error, he wouldn't have entered the plea. Absent. But the strength of the government's case is striking still. If he had gone to trial, the jury would have heard wiretaps of his phone conversations in which he and co-defendants discussed the distribution of crack cocaine. They would have learned about the fruits of the warranted search of his home that uncovered drugs and drug paraphernalia and a gun or a firearm. And also, he was getting the benefit of the withdrawal of an 851 information. In light of these and other circumstances, I find it difficult to be persuaded that he would have, in fact, not pleaded guilty. Could you address that concern? Well, I certainly can. The concern, I think, can be met by his own withdrawal of the plea motion that he made just a little bit over two months after. Two months after. Two months after. Well, this Court has found even four months could be timely. It depends on the nature of the error, whether the time, what import the time has. Absolutely. But in this case, we would argue when you look at the totality of the circumstances, when you look at the fact that there was this breakdown in communications with his attorney, when there's no allocution of the facts at all. But he did end up having the benefit of counsel, both the new counsel and the former counsel. Is that correct? Well, I would propose that the second counsel, in a sense, was almost double-teaming the defendant. I think he felt the attorney. There never has been, right, including in your brief on this appeal? That is correct. So are you now arguing to us that he did not satisfy his obligations of representation, whatever you're arguing they were? Well, I'm arguing that his subjective viewpoint at the time when he was taking that guilty plea, he was feeling pressured. And he stated that. I'm sorry, you said Mr. McCutcheon was not counsel. Yes. Yes. Mr. McCutcheon was feeling pressured. And I think instead of the consideration that that second counsel helped, I think that second counsel added to the pressure that Mr. McCutcheon was feeling. And that that is one of the reasons why, ultimately, he did take the plea that day. But in retrospect, a couple of months later, he moves to withdraw the plea. And I think that the district court's failure to at least hold a hearing in light of all that had transpired before was error and abuse of discretion. I understand that a hearing doesn't have to be held, but I think in this case, the facts warranted it. Thank you. You've reserved two minutes for rebuttal. We'll hear from Ms. Lee. May it please the Court, good morning. My name is Tiffany Lee, and I represent the United States. The issue here really is whether or not the district court abused its discretion when it denied Mr. McCutcheon's motion to withdraw his guilty plea. And I just wanted to address the issue that Ms. Alvey raised with respect to that Mr. McCutcheon felt pressured or double-teamed by both Mr. O'Rourke and Mr. Spindler. There's no evidence of that on the record. And in addition, Mr. McCutcheon, in his papers, in his own pro se submission to withdraw the guilty plea, said nothing of a sort when previously he had no issue to complain about representation of counsel when he did feel that he was not being represented well by counsel. Mr. McCutcheon, his papers to withdraw the guilty plea were premised on his focus on the fact that he felt that he was being pressured by the court or pressured also by the assistant U.S. attorney. And again, the record reflects nothing of the sort. The court plainly stated at that proceeding in which he had an opportunity, again, with two weeks where there was a two-week period when the trial was about to commence. Mr. McCutcheon was again given the opportunity to consider the ultimate plea offer that had been proffered by the government and which he had reviewed with counsel for the last two months and had not really made a decision of whether or not he wanted to take that plea offer. He did have the advice of two counsel, not just his attorney, Mr. O'Rourke. But again, Mr. Spitler was brought, again, to assist Mr. McCutcheon with respect to going over what his issues were. Ultimately, this case rests on whether or not the district court abused its discretion, and the government believes that on this record there is no evidence that the government did abuse its discretion. Kagan. Would you agree that there were some failures to comply with Rule 11 in its strict application? For example, that 11b1g requires the court to determine that the defendant understands the nature of each charge and the kind of incorporation by reference to the plea agreement. We have frowned on the court acknowledged that he did so only in summary fashion and on conspiracy charges in particular, it seems to me important for the district court to engage the defendant personally in a discussion about the nature of the charges. Would you agree that he did not do so here? I would agree that the district court did not follow the better practice that has been suggested by this court, beginning with Petit and then culminating with last year's decision in Lloyd, where again this court had basically advised district courts within the circuit to try to adhere to something more in line with following the exact language of Rule 11. That said, this case is distinguishable from Coffin. There was no indication that the defendant had any confusion or misunderstanding with respect to the charges he was facing. In addition, the standard on plaintiff's plea agreement does not include any of the  Sotomayor, does the government protect the record when it presents the district court with a defendant who purportedly has agreed to a guilty plea? Your Honor, we also know this and can easily ask the district judge to make the record, therefore avoid these trips to our courtroom. And certainly in our district, we have, you know, we have basically counseled our assistant U.S. attorneys to go in with a Rule 11 checklist to try and maintain that. You know, this case, not that it excuses it, was pre-Lloyd. In addition to that, there are circumstances where, for this case, with the long litigation, there's a familiarity between counsel, the defendant, and the district court. So there's been this relationship, and, you know, throughout the record, there's been discussion as to the charges and everything along those lines. I agree, I agree with And that's when it's most important for the government to protect the record, because the district court, because of this familiarity, may assume everybody knows everything, but then it doesn't wind up being manifested on the record. And that is true, Your Honor. But then I return to the standard in which this Court Your position is not best practices, but good enough practices. My position is we should strive definitely for best practices, and that we will certainly hope to, you know, going forward, you know, again, try to strive to protect the record. Were you the lawyer at the hearing? No, I was not. So ultimately, though, coming back to Lloyd, the standard is whether or not, you know, when you're going to see, does it affect substantial rights? Is this the failure to conduct? Are those Rule 11 errors? Were they, you know, but for those errors, would Mr. McCutcheon, you know, said, no way, I'm not taking these pleas? There's absolutely no indication of that whatsoever. On this record The Court urges us to infer from his, the fact that he himself sought to withdraw the guilty plea after a period of time. So. Correct. But at that, it's not as if he said, I didn't understand what I was pleading guilty to. And in addition to that, by that point, he had already ratified some of his admissions or the factual basis in the fact that he did speak with probation, did admit to all the facts that were in there. And I would also note in sentencing, his main challenges were, again, he was very troubled by the references to the controlled buys earlier in the case that were the, I guess, the probable cause basis for the warrants and everything. And so he just was really fixated on that, the controlled buys and references to that. But ultimately, with respect to the rest of the facts, it's not as if he was contesting, oh, no, that's not my voice that was on that wire. And there's, in the pre-sentence report, there's excerpts from conversations in those wires. And he wasn't challenging, no, that's not my house, I didn't, you didn't find crack paraphernalia, you didn't find the firearm. He wasn't contesting any of those things. So ultimately. Those challenges which he raises in his pro se papers, am I correct in understanding you view those as waived in the plea agreement? So if the plea agreement and the plea stands, there's no need for us to address these? Or have I misunderstood your position? O'Connell. I think I initially went by the Tollett v. Henderson standard that once someone enters a guilty plea, then that's it. You can't raise all those things. I really, I apologize, I should have thought about the plea agreement, too. But if the plea agreement, if the plea survives, the plea agreement survives, and there certainly is the waiver provision, the express waiver provision, which Mr. McCutcheon was advised about, which he agreed, and which he understood. And also, Mr. McCutcheon, as an individual defendant, this is not the first time where he's been through the Federal system. His first conviction for possession, I believe, with intent to distribute. Again, similarly, he had also tried to withdraw his guilty plea pro se. If there aren't any questions, the government rests on its papers. Thank you very much. Ms. Alvey, you have two minutes to rebuttal. Thank you. Thank you. I would like to comment on the fact that the government has stated that we, that Mr. McCutcheon, you know, reviewed the plea, reviewed the facts with the probation office, and acquiesced. And I would just point to Section 49, which is the section in the PSR, in the Probation Report, where it's discussed that Mr. McCutcheon reviewed the factual basis as it was outlined. And all that section in the PSR does is say that Mr. McCutcheon acknowledged the PSR, acknowledged the PSR, does not Mr. McCutcheon. The language is defendants stipulated to and acknowledged these facts. Yes. Just as he did at the plea proceeding. He acknowledged facts that were stated by the court, that were stated by the probation office. There, too. Yes. So that the court could rely on the fact that he was not disputing the facts. I think in this case where you don't have an articulation in any sense of Mr. McCutcheon's admission of conspiracy, that he participated in a conspiracy, admission of the gun charges. But he signed a document like the plea agreement, which he signed, and it contains those paragraphs. Why isn't that the equivalent for a practical basis, if not under the strict requirements of Rule 11, of his admission? You know, it's interesting. Mr. McCutcheon, and I do mention this in the brief, Mr. McCutcheon's signature, it's — there's a squiggly line, and it just does not indicate that somebody really thought about this. If you compare the signature and the plea agreement to the signature that he wrote in his motion to vacate the plea, it's a very interesting analysis looking at the two. I — Were you supposed to assume from the fact that it is not a neat signature that he didn't really mean it? I think we can assume — That's how a judge should take plea agreements? I think — I think we could look at it and say that was this — was this plea actually voluntarily given in this case? Thank you. Thank you very much. We'll take the matter under advisement.